[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION TO REARGUE
This matter is before the court in response to plaintiff's motion to reargue the court's sua sponte ruling of May 2, 1982, vacating the stipulated judgment of October 16, 1991
The following facts are relevant to this decision. In September, 1991, the parties entered into an oral month-to-month lease at the rate of $485 per month. On October 8, 1991, plaintiff brought the instant action, alleging in a two count complaint that defendant should be evicted because of non-payment of rent and lapse of time. At all relevant times the plaintiff did not possess a certificate of apartment occupancy for the apartment in question, B-6, at 112 South Whitney Street, Hartford. Representing herself, defendant entered into a stipulated CT Page 9113 judgment on October 16, 1991, in which she acknowledged an arrearage of $1,975 which she agreed to pay back in accordance with a schedule set forth in the stipulation. On April 20, 1992, plaintiff filed an affidavit of non-compliance requesting that an execution issue and alleging that at least seven of the payments required under the stipulation had not been made.
Appearing through counsel defendant objected to the issuance of the execution arguing, inter alia, that (1) the stipulated judgment was void ab initio since the absence of a certificate of apartment occupancy is an absolute defense to a non-payment action; (2) the apartment did not have an operational smoke detector, thereby excusing use and occupancy payments and (3) at various times the apartment was uninhabitable due to repairs and renovations to an adjacent apartment such that use and occupancy payments under the stipulation were excused. Additionally, defendant appeals to the equitable discretion of the court, stating that loss of a job made it difficult to maintain the weekly payments required by the stipulation.
In a decision dated May 28, 1992, the court vacated, sua sponte, the stipulated judgment on the grounds that the provision in it requiring defendant to pay plaintiff's attorney's fees was improper since there was no written lease authorizing the payment of attorney's fees. Thereafter, plaintiff filed a motion to reargue, alleging that the question of attorney's fees had not been raised or addressed by the parties and that, in any event, there was a written lease which did authorize recovery of attorney's fees. Upon rehearing and review of the evidence, the court concludes that the plaintiff is correct and that therefore, the court's ruling of May 28, 1992, should be, and is vacated.
The question before the court, therefore, is whether the execution should issue in light of defendant's claims regarding the absence of a certificate of apartment occupancy, an operational smoke detector and the alleged uninhabitability of the apartment subsequent to the entry of the stipulated judgment.
General Statutes Sec. 47a-5 and 47a-57 prohibit the recovery of rent in the absence of a certificate of CT Page 9114 apartment occupancy (CAO). Therefore the absence of a CAO is an absolute defense to a summary process action alleging nonpayment of rent. Conaway v. Prestia, 191 Conn. 484
(1983). While a tenant may waive such a defense, such waiver must be knowing, voluntary and intelligent. Based on the testimony presented, the court concludes that the defendant, who was pro se at the time she entered into the stipulated judgment, did not knowingly waive her right to assert the absence of a CAO. The court reaches this conclusion based on the evidence presented concerning the nature of the negotiations between the parties, and defendant's testimony, fully credited by the court, that she was unaware of the absence of the CAO as a possible defense. Thus, the court could reopen the judgment on these grounds but the plaintiff has also alleged, in addition to non-payment lapse of time. Since the absence of a CAO is not a defense in a lapse of time action, plaintiff's case still survives.
Defendant also alleges that subsequent to the entry of the stipulated judgment, the condition of her apartment so deteriorated that she was excused from making the agreed upon use and occupancy payments. In this connection the court heard the testimony of the parties as well as that of the City of Hartford Housing Code Inspector. At various times the defendant's stove did not work, and most significantly, there was a hole in her bathroom ceiling, which took an inordinate amount of time to repair. There was a smoke detector in the apartment. The court concludes that while there were problems in the apartment — apparently endemic to the building — these problems did not rise to the level of an uninhabitability defense; see General Statutes Sec. 47a-7. Defendant's nonpayment of use and occupancy is therefore not excused on that basis.
Finally, defendant appeals to the equitable discretion of the court, indicating that at the time she entered into the stipulated judgment she was employed, but lost her job shortly thereafter. In weighing this request, the court takes into account the fact that use and occupancy has not been paid for at least six months, and that at the time of the stipulated judgment there was arrearage of almost $2,000, representing at least four or five months of unpaid rent. Under the circumstances, the court concludes that the balance of equities tip in favor of the plaintiff. CT Page 9115
For all of the foregoing reasons, the May 28, 1992, order of the court is reversed. The previous judgment is vacated. Judgment shall enter for the plaintiff as to count two of its complaint alleging lapse of time.
Robert L. Holzberg, J.